# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| REYNOLDS INNOVATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:11-CV-582 |
| | ) | |
| | ) | |
| YOURECIGARETTE.COM and | ) | |
| DANIEL BAKER, individually and | ) | |
| d/b/a "YOURECIGARETTE.COM," | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Reynolds Innovations, Inc. ("RII") states the following for its Complaint against Defendants YourECigarette.com and Daniel Baker, individually and d/b/a "YourECigarette.com" (collectively, "Defendants"):

## NATURE OF THE ACTION

1.      This is an action at law and in equity for trademark infringement, unfair competition and false designation of origin, and trademark dilution arising under sections 32 and 43 of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114, 1125; unfair or deceptive trade practices arising under N.C. Gen. Stat. §§ 75-1 *et seq.*; and trademark infringement and unfair competition arising under the common law of the State of North Carolina.

1

2.     As more fully described below, Defendants have used and continue to use trademarks that are colorable imitations of, and are confusingly similar to, RII's famous and federally-registered trademarks, including the CAMEL and WINSTON trademarks, in connection with the unauthorized sale of nicotine products via the Internet and as shown below.

Home > E-Liquid Nicotine Refills >



Camel E-Liquid Nicotine Refill Juice



Winston E-Liquid Nicotine Refill Juice

Our Winston E-liquid is
best flavors and a pop

List Price: $10.99
Our Price: $7.99
You save $3.00!

➤ Update Price



3.     On information and belief, Defendants have been and continue to be engaged in the business of operating an Internet website, displayed at <www.yourecigarette.com> (the "YourECigarette.com Website"), through which

2

Defendants sell, among other items, tobacco-flavored liquid nicotine products for use with electronic cigarettes. On information and belief, Defendants have sold and shipped, and continue to sell and ship, at least two varieties of tobacco-flavored liquid nicotine products bearing trademarks that are identical or confusingly similar to RII's CAMEL and WINSTON trademarks, without RII's authorization or permission. Unless enjoined by this Court, Defendants' conduct will continue to result in a likelihood of consumer confusion and result in irreparable injury to RII.

## PARTIES, JURISDICTION AND VENUE

4.      RII is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business at 401 North Main Street, Winston-Salem, North Carolina. RII is a trademark holding company and a subsidiary of R.J. Reynolds Tobacco Company. RII is therefore the record owner, in its own right or by assignment from its predecessors-in-interest, of the CAMEL and WINSTON trademarks that are at issue in this dispute, including the federal trademark registrations that are identified below. For convenience, and unless the context indicates otherwise, the term "Reynolds" will be used to refer collectively to RII, RII's predecessors-in-interest and/or RII's corporate affiliates who use the trademarks owned by RII under authority from RII.

5.      On information and belief, Defendant YourECigarette.com ("YourECigarette") is a business entity with a place of business at 1350 Grand Summit Drive, Apt. 267, Reno, Nevada, 89523.

6.     On information and belief, Defendant Daniel Baker, individually and d/b/a "YourECigarette.com" ("Baker"), is a resident of Nevada with an address at 6628 Chula Vista Court, Sparks, Nevada, 89436.  On further information and belief, Baker is the registrant and administrative contact for the domain name <yourecigarette.com> and otherwise conducts business activities on behalf of YourECigarette.

7.     This Court has subject matter jurisdiction over the federal claims alleged herein pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338.  As to the state law claims, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1338(b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8.     This Court has personal jurisdiction over Defendants because the infringing products that Defendants offer and make available at the YourECigarette.com Website to purchasers are capable of being ordered, and have been ordered, by purchasers in North Carolina and within this judicial district, and are capable of being shipped, and have been shipped, to purchasers in North Carolina and within this judicial district.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), in that, on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

10.    This Court has jurisdiction to enter preliminary and permanent injunctive relief, pursuant to Fed. R. Civ. P. 65.

4

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

11.     The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

12.     At all times material hereto, Reynolds has been, and currently is still, engaged in the business of manufacturing, distributing, marketing, advertising, offering for sale, and selling various types of tobacco products throughout the United States under multiple trademarks owned by RII and under authority from RII.  As more fully described below, RII's famous CAMEL trademarks and WINSTON trademarks are registered on the Principal Register of the United States Patent and Trademark Office ("USPTO") and are used in connection with the sale of various tobacco products.

### CAMEL Marks

13.     Beginning at least as early as 1901, Reynolds adopted and began using the distinctive designation CAMEL in interstate commerce for the purpose of identifying and distinguishing Reynolds's tobacco products from the products of other manufacturers and distributors of tobacco.  Reynolds has advertised, marketed, distributed, offered for sale, and sold its products under the CAMEL Marks continuously for more than a century.

14.     On September 30, 1919, RII's predecessor-in-interest was granted U.S. Trademark Registration No. 126,760 for the trademark CAMEL, in stylized form as shown below, on the USPTO's Principal Register for use in connection with "cigarettes" (the "'760 Registration").

# CAMEL

The '760 Registration, which RII duly acquired by assignment from its predecessors-in-interest, has become incontestable by virtue of long and continuous use and pursuant to the provisions of 15 U.S.C. § 1065. The '760 Registration therefore constitutes conclusive evidence of the validity of the mark shown therein and of the registration of said mark, of RII's ownership of said mark, and of RII's exclusive right to use said mark in commerce in connection with "cigarettes." A true and accurate copy of the Certificate of Registration for the '760 Registration, together with USPTO assignment records reflecting RII's ownership of the '760 Registration, is attached hereto as <u>Exhibit 1</u>.

15. On January 13, 1976, RII's predecessor-in-interest was granted U.S. Trademark Registration No. 1,030,232 for the Camel Design trademark, shown below, on the USPTO's Principal Register for use in connection with "cigarettes" (the "'232 Registration").



The '232 Registration, which RII duly acquired by assignment from its predecessors-in-interest, has become incontestable by virtue of long and continuous use and pursuant to the provisions of 15 U.S.C. § 1065. The '232 Registration therefore constitutes

6

conclusive evidence of the validity of the mark shown therein and of the registration of said mark, of RII's ownership of said mark, and of RII's exclusive right to use said mark in commerce in connection with "cigarettes." A true and accurate copy of the Certificate of Registration for the '232 Registration, together with USPTO assignment records reflecting RII's ownership of the '232 Registration, is attached hereto as <u>Exhibit 2</u>.

16.    On April 29, 1986, RII's predecessor-in-interest was granted U.S. Trademark Registration No. 1,391,824 for the trademark CAMEL & Design, shown below, on the USPTO's Principal Register for use in connection with "cigarettes" (the "'824 Registration").



The '824 Registration, which RII duly acquired by assignment from its predecessors-in-interest, has become incontestable by virtue of long and continuous use and pursuant to the provisions of 15 U.S.C. § 1065. The '824 Registration therefore constitutes conclusive evidence of the validity of the mark shown therein and of the registration of said mark, of RII's ownership of said mark, and of RII's exclusive right to use said mark in commerce in connection with "cigarettes." A true and accurate copy of the Certificate of Registration for the '824 Registration, together with USPTO assignment records reflecting RII's ownership of the '824 Registration, is attached hereto as <u>Exhibit 3</u>.

17.     On August 30, 1988, RII's predecessor-in-interest was granted U.S. Trademark Registration No. 1,502,414 for the trademark CAMEL, in stylized letters as shown below, on the USPTO's Principal Register for use in connection with "cigarettes" (the "'414 Registration").



The ' 414 Registration, which RII duly acquired by assignment from its predecessors-in-interest, has become incontestable by virtue of long and continuous use and pursuant to the provisions of 15 U.S.C. § 1065.  The '414 Registration therefore constitutes conclusive evidence of the validity of the mark shown therein and of the registration of said mark, of RII's ownership of said mark, and of RII's exclusive right to use said mark in commerce in connection with "cigarettes."  A true and accurate copy of the Certificate of Registration for the '414 Registration, together with USPTO assignment records reflecting RII's ownership of the '414 Registration, is attached hereto as Exhibit 4.
 (The '760, '232, '824, and '414 Registrations are referred to collectively hereinafter as the "CAMEL Registrations," and the trademarks shown therein, and the common law equivalents of such trademarks, are hereinafter referred to as the "CAMEL Marks".)

18.     RII owns, *inter alia*, the CAMEL Registrations, the CAMEL Marks and all the goodwill associated therewith in the United States.   The CAMEL Registrations

remain valid, subsisting, and uncancelled, and have become incontestable as described above.

19.     The CAMEL Marks inherently serve to distinguish Reynolds's tobacco products from those of others.  The CAMEL Marks are recognized by the general consuming public as designations of the source of Reynolds's products and, as a result of Reynolds's long and continuous use and promotion of the CAMEL Marks throughout the United States, consumers of tobacco products recognize the CAMEL Marks as symbols of the highest quality of tobacco products, and associate and identify the CAMEL Marks with Reynolds or with a single source.  Reynolds derives substantial goodwill and value from this identification by the consuming public and the trade.

<div align="center">WINSTON Marks</div>

20.     Beginning at least as early as 1952, Reynolds adopted and began using the trademark WINSTON in interstate commerce, for the purpose of identifying and distinguishing Reynolds's tobacco products from the products of other manufacturers and distributors of tobacco.  Reynolds has manufactured, distributed, marketed, advertised, offered for sale, and sold its products under the WINSTON trademark continuously for more than half a century.

21.     On October 30, 1956, RII's predecessor-in-interest was granted U.S. Trademark Registration No. 636,355 for the trademark WINSTON, in stylized form as shown below, on the USPTO's Principal Register for use in connection with "cigarettes" (the "'355 Registration").

# Winston

The '355 Registration, which RII duly acquired by assignment from its predecessors-in-interest, has become incontestable by virtue of long and continuous use and pursuant to the provisions of 15 U.S.C. § 1065. The '355 Registration therefore constitutes conclusive evidence of the validity of the mark shown therein and of the registration of said mark, of RII's ownership of said mark, and of RII's exclusive right to use said mark in commerce in connection with "cigarettes." A true and accurate copy of the Certificate of Registration for the '355 Registration, together with USPTO assignment records reflecting RII's ownership of the '355 Registration, is attached hereto as <u>Exhibit 5</u>.

22. On January 13, 1976, RII's predecessor-in-interest was granted U.S. Trademark Registration No. 1,030,233 for the trademark WINSTON & Design, as shown below, on the USPTO's Principal Register for use in connection with "cigarettes" (the "'233 Registration").



The '233 Registration, which RII duly acquired by assignment from its predecessors-in-interest, has become incontestable by virtue of long and continuous use and pursuant to

10

the provisions of 15 U.S.C. § 1065.  The '233 Registration therefore constitutes conclusive evidence of the validity of the mark shown therein and of the registration of said mark, of RII's ownership of said mark, and of RII's exclusive right to use said mark in commerce in connection with "cigarettes."  A true and accurate copy of the Certificate of Registration for the '233 Registration, together with USPTO assignment records reflecting RII's ownership of the '233 Registration, is attached hereto as <u>Exhibit 6</u>. (The '355 and '233 Registrations are referred to collectively hereinafter as the "WINSTON Registrations," and the trademarks shown therein, and their common law equivalents, are hereinafter referred to as the "WINSTON Marks".)

23.     RII owns, *inter alia*, the WINSTON Registrations, the WINSTON Marks, and all the goodwill associated therewith in the United States.  The WINSTON Registrations remain valid, subsisting, and uncancelled, and have become incontestable as described above.

24.     The WINSTON Marks inherently serve to distinguish Reynolds's tobacco products from those of others.  The WINSTON Marks are recognized by the general consuming public as designations of the source of Reynolds's products and, as a result of Reynolds's long and continuous use and promotion of the WINSTON Marks throughout the United States, consumers of tobacco products recognize the WINSTON Marks as symbols of the highest quality of tobacco products, and associate and identify the WINSTON Marks with Reynolds or with a single source.  Reynolds derives substantial goodwill and value from this identification by the consuming public and the trade.

11

## Defendants' Unlawful Acts

25.     On information and belief, Defendants have advertised and offered for sale products bearing the CAMEL Marks, or marks that are confusingly similar to the CAMEL Marks, and the WINSTON Marks, or marks that are confusingly similar to the WINSTON Marks.

26.     On information and belief, Defendants operate the YourECigarette.com Website and, on that website, offer for sale electronic cigarettes, liquid nicotine and related products.  Excerpts from the YourECigarette.com Website, as such contents existed as of July 19, 2011, are attached hereto as Exhibit 7.

27.     On information and belief, Defendants have offered for sale, and continue to offer for sale, a product called "E-Liquid Nicotine Refill Juice" ("E-Liquid") through the YourECigarette.com Website.

28.     On information and belief, E-Liquid is a liquid nicotine product that is used in connection with electronic cigarettes.  Defendants' E-Liquid products are offered in several flavors and varieties, including tobacco flavors called "Camel" and "Winston." True and correct photographs of Defendants' "Camel" and "Winston" varieties of E-Liquid products are attached hereto as Exhibit 8.

29.     RII has not authorized, and does not authorize, Defendants' use of the CAMEL Marks or the WINSTON Marks in connection with the manufacture or sale of Defendants' E-Liquid products or any other products of Defendants.

30.     On information and belief, Defendants have sold E-Liquid products bearing the CAMEL Marks, or marks confusingly similar to the CAMEL Marks, and the WINSTON Marks, or marks confusingly similar to the WINSTON Marks, through the YourECigarette.com Website to purchasers in North Carolina and within this judicial district.

## FIRST CLAIM FOR RELIEF
### (Infringement of Federally Registered Trademarks under 15 U.S.C. § 1114)

31.     The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

32.     Defendants' unauthorized use of the CAMEL Marks and their sale of "Camel" E-Liquid products is likely to cause confusion, mistake, or deception among consumers as to the source, origin, or sponsorship of such products. The consuming public is likely to believe that Defendants' "Camel" E-Liquid products are products authorized by RII for sale under the CAMEL Marks, partaking of the same qualities and characteristics as products bearing the CAMEL Marks, when such is not the case.

33.     Defendants' unauthorized use of the WINSTON Marks and their sale of "Winston" E-Liquid products is likely to cause confusion, mistake, or deception among consumers as to the source, origin, or sponsorship of such products. The consuming public is likely to believe that Defendants' "Winston" E-Liquid products are products authorized by RII for sale under the WINSTON Marks, partaking of the same qualities and characteristics as products bearing the WINSTON Marks, when such is not the case.

34. By their unauthorized sale of "Camel" E-Liquid products, Defendants have infringed and continue to infringe the famous, registered, and incontestable CAMEL Marks, as shown in the CAMEL Registrations, in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

35. By their unauthorized sale of "Winston" E-Liquid products, Defendants have infringed and continue to infringe the well-known, registered, and incontestable WINSTON Marks, as shown in the WINSTON Registration, in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

36. Defendants' unauthorized sale of "Camel" and "Winston" E-Liquid products, and their unauthorized use of the CAMEL Marks and the WINSTON Marks, or colorable imitations thereof, in connection with the sale of such products, as alleged above, was intentionally done with a view and purpose of trading on and benefiting from the substantial reputation and goodwill in the United States associated with the CAMEL Marks and WINSTON Marks.

37. Defendants' acts of trademark infringement, as alleged herein, have injured RII in that RII has suffered damage to its reputation and customer goodwill as a direct and proximate result of Defendants' illegal conduct. In addition, Defendants have been unjustly enriched by reason of their trademark infringement in that they have achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of their illegal conduct.

38.     Defendants' trademark infringement as alleged herein has caused, is causing, and will continue to cause irreparable and inherently unquantifiable injury and harm to RII's business, reputation, and goodwill, unless Defendants' unlawful conduct is enjoined by this Court.

39.     RII is entitled to recover all damages sustained by Defendants' actions, all profits realized by Defendants through their infringing use of the CAMEL Marks and WINSTON Marks, or colorable imitations thereof, in connection with the offering for sale and sale of liquid nicotine products or related products, and the costs of this action.

40.     Defendants' actions have been willful and deliberate, entitling RII to recover treble damages and/or profits and an award of reasonable attorneys' fees against Defendants.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition, False Representation, and False Designation of Origin under 15 U.S.C. § 1125(a))

41.     The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

42.     Defendants' unauthorized sale of their "Camel" and "Winston" E-Liquid products constitutes unfair competition, false representation, and false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and is causing and, unless enjoined by this Court, will continue to cause confusion, to cause mistake, or to deceive purchasers and consumers as to the source, origin, or sponsorship of Defendants' products.

15

43.     As a direct and proximate result of Defendants' unfair competition, false representation, and false designation of origin as herein alleged, RII has suffered, and will continue to suffer, irreparable damage and inherently unquantifiable injury and harm to its business, reputation, and customer goodwill.  Defendants' unfair competition, false representation, and false designation of origin has caused and will continue to cause RII to lose sales to which it would otherwise be entitled, unless such unlawful conduct is enjoined by this Court.

44.     RII is entitled to recover all damages sustained by Defendants' actions, all profits realized by Defendants through their unlawful use of the CAMEL Marks and WINSTON Marks, or colorable imitations thereof, in connection with the offering for sale and sale of liquid nicotine products or related products, and the costs of this action.

45.     Defendants' actions have been willful and deliberate, entitling RII to recover treble damages and/or profits and an award of reasonable attorneys' fees against Defendants.

### THIRD CLAIM FOR RELIEF
**(Dilution of Federally Registered Trademarks under 15 U.S.C. § 1125(c))**

46.     The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

47.     The CAMEL Marks are famous trademarks under 15 U.S.C. § 1125(c)(2)(A), in that they are widely recognized by the general consuming public of the United States as designations of the source of Reynolds's goods.  The CAMEL Marks

became famous long prior to Defendants' unlawful use of the CAMEL Marks, or colorable imitations thereof, as alleged herein.

48.     Defendants' use of the CAMEL Marks, or colorable imitations thereof, in connection with the unauthorized sale in the United States of their "Camel" E-Liquid products is likely to dilute RII's famous CAMEL Marks, in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), by lessening their capacity to identify and distinguish Reynolds exclusively as the source of products in the United States bearing or provided under the famous CAMEL Marks.

49.     Defendants' unauthorized use of the CAMEL Marks in connection with the sale in the United States of their "Camel" E-Liquid products is intended and has the effect of trading on Reynolds's reputation and causing dilution of the famous CAMEL Marks.

50.     The WINSTON Marks are famous trademarks under 15 U.S.C. § 1125(c)(2)(A), in that they are widely recognized by the general consuming public of the United States as designations of the source of Reynolds's goods.  The WINSTON Marks became famous long prior to Defendants' unlawful use of the WINSTON Marks, or colorable imitations thereof, as alleged herein.

51.     Defendants' use of the WINSTON Marks, or colorable imitations thereof, in connection with the unauthorized sale in the United States of their "Winston" E-Liquid products is likely to dilute RII's famous WINSTON Marks, in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), by lessening its capacity to identify and distinguish

Reynolds exclusively as the source of products in the United States bearing or provided under the famous WINSTON Marks.

52. Defendants' unauthorized use of the WINSTON Marks in connection with the sale in the United States of their "Winston" E-Liquid products is intended and has the effect of trading on Reynolds's reputation and causing dilution of the famous WINSTON Marks.

53. Upon information and belief, Defendants do not own any federal or state registrations or trademark applications for any mark that includes, in whole or in part, any of the CAMEL Marks or the WINSTON Marks and cannot assert any rights in the CAMEL Marks or the WINSTON Marks that are prior to RII's first use, actual or constructive, of the CAMEL Marks or the WINSTON Marks.

54. Defendants' trademark dilution as herein alleged has injured and will continue to injure RII in that RII has suffered and will continue to suffer damage to its reputation and customer goodwill as a direct and proximate result of Defendants' illegal conduct, unless such unlawful conduct is enjoined by this Court. In addition, Defendants have been unjustly enriched by reason of their acts of trademark dilution in that they have achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of their illegal conduct.

55. RII is entitled to recover all damages sustained by Defendants' actions, all profits realized by Defendants through their unlawful use of the CAMEL Marks and the

WINSTON Marks, or colorable imitations thereof, in connection with the offering for sale and sale of liquid nicotine products or related products, and the costs of this action.

56. Defendants' actions have been willful and deliberate, entitling RII to recover treble damages and/or profits and an award of reasonable attorneys' fees against Defendants.

## FOURTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices under N.C. Gen. Stat. § 75-1 *et seq.*)

57. The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

58. Defendants' conduct as alleged above is in commerce and affects commerce in the State of North Carolina.

59. Defendants' conduct as alleged above constitutes unfair methods of competition and unfair and deceptive acts and practices in violation of N.C. Gen. Stat. § 75-1 *et seq.*

60. Defendants' unfair methods of competition and their unfair and deceptive trade practices as alleged herein have injured RII in that RII has suffered damage to its reputation and customer goodwill as a direct and proximate result of Defendants' illegal conduct. In addition, Defendants have been unjustly enriched by reason of their unfair methods of competition and unfair and deceptive trade practices in that they have achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of their illegal conduct.

61.     Defendants have willfully engaged in the acts and practices alleged above,

justifying an award of attorneys' fees to RII pursuant to N.C. Gen. Stat. § 75-16.1.

## FIFTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

62.     The allegations of the foregoing Paragraphs are repleaded and incorporated

by reference as if fully set forth herein.

63.     Defendants' conduct as alleged above constitutes trademark infringement

and unfair competition in violation of the common law of the State of North Carolina.

64.     Defendants' trademark infringement and unfair competition as alleged

above has injured RII in that RII has suffered damage to its reputation and customer

goodwill as a direct and proximate result of Defendants' illegal conduct.  In addition,

Defendants have been unjustly enriched by reason of their trademark infringement and

unfair competition in that Defendants have achieved sales and profits, and the

opportunity to earn future sales and profits, as a direct and proximate result of their illegal

conduct.

65.     Unless enjoined by this Court, Defendants' trademark infringement and

unfair competition as herein alleged will continue to cause irreparable and inherently

unquantifiable injury and harm to RII's business, reputation, and goodwill.

66.     Defendants' wrongful conduct as above alleged was accompanied by

circumstances of willfulness and deliberate indifference to the rights of RII, warranting

the assessment of punitive damages.

**WHEREFORE**, RII prays the Court as follows:

1.      That Defendants, their affiliates, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from any and all further unauthorized sale, offering for sale, or distribution of products bearing the CAMEL Marks, or colorable imitations thereof, including without limitation the Defendants' "Camel" E-Liquid products;

2.      That Defendants, their affiliates, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from any and all further unauthorized sale, offering for sale, or distribution of products bearing the WINSTON Marks, or colorable imitations thereof, including without limitation the Defendant's "Winston" E-Liquid products;

3.      That Defendants, their affiliates, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from any unauthorized sale, offering for sale, or distribution of products bearing any trademark owned by RII, or any colorable imitations thereof;

4.      That RII have and recover of Defendants such actual damages as RII may prove at trial;

5.      That Defendants account to RII for all of Defendants' profits derived as a direct and proximate result of Defendants' unlawful conduct;

6.      That such damages and/or profits to which RII is entitled be trebled pursuant to 15 U.S.C. § 1117 and N.C. Gen. Stat. § 75-16;

21

7.      That, in the alternative to treble damages and/or profits, RII have and recover punitive damages of Defendants;

8.      That the costs of this action, including a reasonable attorneys' fee, be taxed against Defendants; and

9.      That the Court grant RII such other and further relief as the Court may deem just and proper.

This, the 20th day of July, 2011.

<div style="margin-left:40%">

*/s/ William M. Bryner*
William M. Bryner, N.C. State Bar No. 23022
Laura C. Miller, N.C. State Bar No. 34103
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101
Telephone: 336-607-7300
Facsimile: 336-607-7500
WBryner@kilpatricktownsend.com
LaMiller@kilpatricktownsend.com

*Attorneys for Plaintiff*
Reynolds Innovations, Inc.

</div>